HUGHEY BROS. v. GILLESPIE, SHIELDS & CO.    (No. 1261.)*

(Court of Civil Appeals of Texas. Beaumont. July 10, 1925. Rehearing Denied Oct. 14, 1925.)

1. Sales ⬦161—Delivery to carrier is delivery to purchaser passing title, placing purchaser under duty to receive and pay for goods.

Delivery to carrier is delivery to purchaser, and title passes on delivery, placing purchaser under duty to receive and pay for goods.

2. Appeal and error ⬦1033(7)—Purchaser could not complain of jury's basing verdict on amount of order admitted by them instead of on amount sued for, where seller did not complain.

Defendant purchaser could not complain of fact that jury's verdict was based on amount of order admitted by it instead of amount sued for by seller, inasmuch as such fact was in purchaser's favor and was not complained of by seller.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action by Gillespie, Shields & Co. against Hughey Bros. Judgment for plaintiffs, and defendants appeal. Affirmed.

C. M. Supple and Will Hancock, both of Waxahachie, for appellants.

Davis, Johnson & Carter, of Dallas, for appellees.

O'QUINN, J. This was a suit by appellees against the appellants, seeking to recover judgment on an itemized verified account, amounting to $2,476.80, with interest from January 1, 1921, at 6 per cent., for merchandise alleged to have been sold and delivered to appellants at their request.

Appellants answered by general demurrer, general denial, and specially under oath that the account sued on was not just nor true, in whole or in part. They further specially answered under oath that on March 22, 1920, they ordered goods from appellees amounting to $1,591, to be delivered August 15, 1920, and denied that they included in said order the other goods shown therein, stating the quantities and lot numbers of the goods not ordered, but shown in the invoice of the goods rendered appellants by appellees. Appellants further pleaded payment of a portion of the account for goods admitted to have been ordered, in the amount of $95. They further specially answered that the order for the goods actually given by them had, without their knowledge or consent, been changed and added to, and that goods not ordered had been included in, added to, and packed with the goods they had actually ordered in one large box, except a portion shipped by express, which they had accepted and paid for, and which large box was shipped by freight to them, and which they had refused to receive. They further specially pleaded that at the time they gave their said order to appellees' salesman, that it was understood and agreed that appellees would and did guarantee appellants against any decline in the price of all goods so ordered, and that same was omitted from the written order by mistake and oversight, and that the price of said goods did decline to the amount of 25 per cent., to the date when said goods were to have been delivered, and that appellees refused to live up to their agreement to protect appellants against the decline in price, that by reason of all the above they were warranted in refusing to receive and did refuse to receive said goods, and that they were not bound to receive or to pay for same.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction December 2, 1925.

To this answer, appellees replied by supplemental petition, pleading a general denial to the allegations of appellants, and specially that the order for the goods had not been changed, but that all of the goods as shown by the order held by them were in fact ordered by appellants, admitted that a portion of the order, amounting to $95, had been shipped by express to appellants, and that they had accepted and paid for same, and prayed for relief as in their original petition. The case was tried to a jury upon a general charge by the court, in response to which the jury found in favor of appellees in the sum of $1,122, and judgment was accordingly rendered.

Without discussing in detail the assignments of error presented by appellants, we will say that we think the judgment should be affirmed. The court, after asking the nature of the suit and the contentions of the parties, charged the jury as follows:

"(4) Now, if you believe from a preponderance of the evidence, that on or about the 22d day of March, 1920, the defendants gave to the plaintiffs, through its agent, one Sowers, an order for the goods, wares and merchandise mentioned in said exhibits to plaintiffs' petition, to be shipped to defendants at Palmer, Tex.; and if you further believe from the evidence that in compliance with said order, the said plaintiff did, on or about the 17th day of July, 1920, ship the said goods to the defendants at Palmer, Tex., by freight, then you are instructed that the defendants were legally bound to accept the said goods and pay for the same as charged therefor, with 6 per cent. interest from January 1, 1921, unless you should find under other instructions as to the amount to be paid therefor, that the defendants were entitled to a reduction on the price charged for said goods by reason of the guarantee set up in defendants' answer.

"(5) If you have found that the defendants were liable for the value of said goods (under paragraph 4 of this charge), then you are instructed that if you believe from the evidence that at the time of the sale of the goods, wares, and merchandise to the defendants by plaintiff, through its agent, Sowers, that the said Sowers did guarantee the defendants against the decline in price of the goods so ordered by defendants up to the time same should arrive in Palmer, Tex.; and if you further believe from the evidence that said agent had authority from the plaintiffs to make such guarantee, if any, or, if you believe from the evidence that such guarantee, if any, was made as alleged by defendants, and that the same was in accordance with the common usage and custom in such matters, then if you so believe the facts to be, you will give the defendants the benefit of such guarantee, and you will deduct the amount of the decline in the price of said goods ordered by the defendants (if you find they were ordered), and shipped them by freight, at the time same arrived at Palmer, Tex.; and find your verdict for the plaintiff the amount, after making such deductions, if any, from the price of said goods as charged in the account, with interest thereon from January 1, 1921.

"(6) You are further instructed that if you believe from the evidence that about the 22d day of March, 1920, the defendants Hughey Bros. gave to the plaintiffs' agent, one Sowers, an order for goods, wares, and merchandise amounting to $1,591, to be shipped to Palmer, Tex.; and you further find from the evidence that the said Sowers, without the knowledge or consent of the defendant, added to the items of merchandise to said order to the extent of about $935, and that such added items, if any, were included in the shipment to the defendants by plaintiff, without the knowledge or consent of the defendants; and if you further believe that the defendants declined and refused to receive the said shipment because the said shipment included such added items, if any, not ordered by said defendants, then if you so believe the facts to be, you will find and return your verdict for the defendants."

[1] That appellants gave an order for goods to appellees is undisputed. It is also undisputed that appellees received said order, selected the goods, boxed and delivered them to the railway company to be carried to appellants. The rule is well settled that delivery to the carrier is delivery to the purchaser, and so when appellees delivered the goods to the railway for transportation to appellants, the title passed, and appellants became the owners of the goods. Paragraph 4 of the court's charge, supra, was unquestionably the law, and appellants were under the duty to have received and paid for the goods.

But appellants contend that said rule is avoided by the fact that the order given for them for the goods had, without their knowledge or consent, been changed and a large amount of goods not ordered shipped mixed with the goods they had actually ordered, and hence they were not bound to receive or pay for any of the goods. As shown above, the court, in paragraph 6 of his charge, directly charged the jury to return a verdict for appellants if they found that the order had been changed and goods shipped as contended by appellants. By their verdict for appellees, the jury found against appellants' contention of change in the order, their verdict amounting to a finding that the goods had been shipped as per appellants' order.

[2] While under the court's charge, paragraphs 4 and 6, supra, and the jury's finding on the facts, a verdict for the whole amount sued for, less the $95 which had been paid, and the allowance of 25 per cent. in reduction of price, in accordance with appellants' contention that appellees guaranteed against a decline of price of the goods to the date when same should be delivered, would have been proper, still the jury seems to have taken the amount of the order admitted by appellants, $1,591, and from that to have deducted the $95, and also to have deducted 25 per cent. of said amount, leaving the exact amount of the verdict $1,122. Of this, however, appellees do not complain, and

appellants have no reason to complain, it being wholly in their favor.

We think the charge of the court correctly applied the law to the facts of the case. We also think the verdict of the jury is amply supported by the record. No reversible error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.